Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5125 | **DATE** | 12/12/2000 |
| **CASE TITLE** | Billie Lieb vs. Atlantic Credit & Finance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Atlantic's Rule 12(b)(6) motion is granted in part and denied in part. (6-1) But more is needed to see on which side of the line this action falls, and this Court expects to deal with that subject when it receives the required supplementation from Lieb's counsel.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 1_ 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/12/2000 date mailed notice | |
| SN | courtroom deputy's initials | 00 DEC 12 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BILLIE LIEB, )
)
        Plaintiff, )
)
v. ) No. 00 C 5125
)
ATLANTIC CREDIT & FINANCE INC., )
)
        Defendant. )

MEMORANDUM OPINION AND ORDER

Atlantic Credit & Finance Inc. ("Atlantic") has filed a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss this putative class action brought against it by Billie Lieb ("Lieb") under the Fair Debt Collection Practices Act ("Act," 15 U.S.C. §§1692a-1692o[1]). With the motion having been fully briefed, it is ready for disposition. For the reasons stated here, the motion is granted in part and denied in part.

For present purposes, of course, this Court must take Lieb's allegations as gospel, viewing them through the generous lens prescription of Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In those terms Atlantic, having purchased from Household Credit Services ("Household") a credit card debt purportedly incurred by Mastercard holder Lieb but actually incurred by her son Steven Lieb, Jr. (who thereafter invoked the protection of the Bankruptcy Court), dunned Lieb for the obligation. Then after Lieb's lawyer wrote Atlantic on April 21, 2000 disclaiming

---

[1] Act citations will take the form "Section --," eliminating any need for repetitive references to Title 15.

10

her responsibility (Complaint Ex. D), Complaint ¶16 alleges:

> Subsequent to April 21, 2000, plaintiff has received collection calls from ACF [Atlantic], notwithstanding the April 21, 2000 letter.

Those allegations suffice to state a claim under Section 1692c(a)(2). Although only one predicate for a claim is needed to survive a Rule 12(b)(6) motion, it appears that Atlantic's alleged conduct also ran afoul of Section 1692g(b).

But it must be added that even though the quoted conclusory averment in Complaint ¶16 has enabled Lieb to survive dismissal, she owes a more precise explanation to Atlantic (and, not incidentally, to this Court as well) to confirm the real-world viability of that claim--importantly from this Court's perspective, to see whether class action treatment is called for. In the latter respect, it certainly sounds improbable that the sequence the Complaint has set out would survive scrutiny on "typicality" grounds (Rule 23(a)(3)), and the asserted scenario would also appear suspect under other facets of Rule 23(a) and is assuredly problematic under Rule 23(b)(3). Accordingly, Lieb is ordered to file an affidavit in this Court's chambers on or before December 22, 2000 (with a copy of course being sent to Atlantic's counsel) that provides chapter and verse to flesh out the generalized allegation in Complaint ¶16.

To shift gears somewhat, in material part the Complaint also seeks to tar Atlantic with the brush of Household's pre-assignment conduct. This Court rejects that effort to impose a

2

type of vicarious liability on Atlantic--an impermissible predicate for liability under the Act even where related parties are involved (see, e.g., Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 979-80 (7th Cir. 1998)). And that applies a fortiori to unrelated Household and Atlantic.

Hence Lieb's complaint about an Act violation assertedly committed by Atlantic's initial collection letter (which was sent after her lawyer had advised Household that she disputed the debt) falls flat. There is nothing to suggest, or even to create any reasonable inference, that Atlantic (as well as Household) then knew that Lieb was represented by a lawyer (as is required for Section 1692c(a)(2) liability) or that Lieb had notified Atlantic of the dispute in writing (as is required by Section 1692g(b)).

Finally, Lieb seeks to characterize the same collection activity by Atlantic, coupled with Atlantic's asserted lack of documentary backup to confirm Lieb's liability, as giving rise to a claim under the generic unfair practices prohibition of Section 1692f. But Lieb provides precious little in the way of authority (certainly nothing that carries precedential value) for that contention, and this Court will not credit it at this time. That of course does not alter the survivability of Lieb's Complaint as such (subject of course to what may be learned through Lieb's required supplementation of her allegations).

3

## Conclusion

This Court has always been among the strongest supporters of the class action device as a socially desirable vehicle to permit the effective assertion of legal claims that might otherwise be economically prohibitive for the individual plaintiff. That is particularly true of small consumer claims, and the same type of consideration has fueled the adoption of such statutes as the Act.

But it is equally true that the indiscriminate attempted use of the class action device may not only carry the potential for abuse in particular cases but may also be counterproductive by giving the device itself a bad name. It is no secret that many of the efforts to curb the availability of Rule 23 generally have been based on an attempted universalization of some of those abuses as somehow tainting the legal vehicle itself.

In this instance, as stated at the outset, Atlantic's Rule 12(b)(6) motion is granted in part and denied in part. But more is needed to see on which side of the line this action falls, and this Court expects to deal with that subject when it receives the required supplementation from Lieb's counsel.

_/s/ William D. Shadur_
Milton I. Shadur
Senior United States District Judge

Date: December 12, 2000