Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5125 | **DATE** | 12/21/00 |
| **CASE TITLE** | Billie Lieb v. Atlantic Credit & Finance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)      Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to ~~_____~~ at ~~_____~~.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Counel can best satisfy the requirements referred to in the preceding paragraph as part of the amendment to the to the Complaint–and that should be done by amending complaint paragraph 16 to refer to an affidavit attached as Ex. 1, then attaching Lieb's revised affidavit as that Ex. 1. In any event, what is called for in this memorandum order must be done by a filing in this Court's chambers on or before December 28, 2000.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 2 2 2000 | |
| ✓ | Docketing to mail notices. | | date docketed | 11 |
| | Mail AO 450 form. | | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BILLIE LIEB, )
)
Plaintiff, )
)
v. ) No. 00 C 51[...]
)
ATLANTIC CREDIT & FINANCE INC., )
)
Defendant. )

DEC 22 2000

MEMORANDUM ORDER

By way of a proposed response to this Court's December 12, 2000 memorandum opinion and order, counsel for plaintiff Billie Lieb ("Lieb") has filed a very brief affidavit by Lieb, accompanied by a December 19 letter of transmittal. In part the letter is helpful in defining the issues that do and do not remain in this action, because it discloses that the case is no longer viewed by Lieb and her counsel as a putative class action (although that should be confirmed by the filing of a pleading-- an amendment to the original Complaint--that expressly withdraws the class-oriented allegations, so that both defense counsel and this Court may treat this action as definitively involving only Lieb's individual claim).

But Lieb's affidavit and the first part of the December 19 letter, which describes the affidavit as being in response to the Order's directive that Lieb must "flesh out paragraph 16 of her complaint," are patently unsatisfactory. Just how, pray tell, do the following paragraphs quoted from Lieb's affidavit "flesh out"

anything?

> 4. Thereafter, I continued to receive collection calls from Atlantic Credit.
>
> 5. Specifically, Atlantic Credit called at least twice between the time that my attorney sent <u>Exhibit 1</u> and the time that the complaint was filed in this matter.

What remains at issue in this lawsuit, of course, is whether defendant Atlantic Credit & Finance, Inc. had engaged in efforts, after it had been apprised that Lieb was represented by counsel, that violated the statutory prohibition in that respect. Simply referring to "collection calls" is totally uninformative to that end. Just as if Lieb were on the stand (after all, an affidavit is supposed to be testimonial in nature), she is instead expected to provide in narrative form, to the best of her recollection, a full description of what was said--and by whom--in each of the calls about which she complains (in addition to giving her best recollection of when those things took place).

Accordingly Lieb's counsel must return to the drawing board. And as long as a pleading amendment must be filed in any event to remove the class allegations from the Complaint, counsel can best satisfy the requirements referred to in the preceding paragraph as part of that amendment to the Complaint--and that should be done by amending Complaint ¶16 to refer to an affidavit attached as Ex. 1, then attaching Lieb's revised affidavit as that Ex. 1. In any event, what is called for in this memorandum order must be

done by a filing in this Court's chambers on or before December 28, 2000.

Milton I. Shadur
Senior United States District Judge

Date:   December 21, 2000